TEXAS & P. RY. CO. v. THOMPSON.

SAME v. DIETZ.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1895.)

Nos. 399 and 400.

1. MASTER AND SERVANT—FELLOW SERVANTS—INSPECTOR OF MACHINERY.
    A person employed by a railroad company to inspect its locomotive boilers, and cause repairs to be made when necessary, is not a fellow servant of other employés about the yards of the company; and, if they are injured by an explosion which might have been prevented by due care on his part, the company is liable.

2. SAME—DUTY TO EMPLOYES.
    A railroad company is bound to furnish safe machinery and appliances for use by its employés, but not to insure the absolute safety thereof, or to provide the best, safest, or newest machinery and appliances. If ordinary and reasonable care is not exercised to provide safe machinery, the company is responsible for injuries resulting from such neglect. The neglect of the servant to whom is intrusted the duty of inspection and repair is the neglect of the master.

3. SAME—ORDINARY CARE.
    The ordinary care which a railroad company is bound to use to furnish safe machinery and appliances is measured by the character and risks of the business; and, where the employé whose duty it is to repair such machinery and appliances knows, or ought to know by the exercise of reasonable care, of defects in the machinery, the company is responsible for his neglect.

4. SAME.
    If an employé is injured by the explosion of a locomotive boiler, not by reason of any defects in it, but by reason of an excessive head of steam, the company is not liable.

5. SAME—BURDEN OF PROOF.
    A railroad employé injured by the explosion of a locomotive boiler has the burden of proving that the boiler or engine was improper to be used by the company, and that the explosion resulted from particular defects pointed out.

    Speer, District Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Texas.

These were actions brought against the Texas & Pacific Railway Company by R. J. Thompson and S. M. Dietz, respectively, to recover damages for personal injuries sustained by them, while in its employment, through the explosion of a locomotive boiler. In each case there was a verdict and judgment for plaintiff, and the defendant brings error.

T. J. Freeman, for plaintiff in error.

D. W. Humphreys and W. P. McLean, for defendants in error.

Before McCORMICK, Circuit Judge, and BOARMAN and SPEER, District Judges.

McCORMICK, Circuit Judge. The material questions presented by these cases, respectively, are identical. They are also substantially the same as were considered by us in Railway Co. v. Barrett (decided at the last term of this court) 14 C. C. A. 373, 67 Fed. 214. Each of the three cases is an action by an employé of the railway

company to recover damages for personal injuries inflicted on him by the explosion of the boiler of locomotive engine 219, in use by the company at its yards in Ft. Worth, Tex., on the morning of February 19, 1893. The plaintiffs in the actions charge that the negligence of the company caused or contributed to the explosion in this: that the engine was continued in use after so great a number of the stay bolts in its boiler were known to be, or should have been known to be, broken, as rendered the locomotive unfit for service, and put in danger the persons of the employés. The company, besides its general denial, urged that, if the condition of the boiler was in any degree such as plaintiffs charged, it was not liable, because the engine, when procured and put to service, was reasonably safe; that the company had a competent inspector, whose duty it was to examine the boilers, and have them repaired when repairs were needed; that the inspector did, statedly, and in proper time, make such examination, and have needed repairs made; that the company had thus discharged fully its duty, and, if the examinations were not reasonably thorough, or the repairs reasonably adequate, it was the negligence of the inspector, for which the company is not liable to plaintiffs. We are of the opinion that the inspector was not a fellow servant of the plaintiffs in the sense, and to the extent, claimed by this contention, and that his failure to exercise reasonable care is the negligence of the master. The company also pleaded that the plaintiffs were chargeable with contributory negligence. This charge was requested and refused:

"You are instructed that, if you believe from the evidence that the explosion in question was caused by the letting in of cold water upon a heated surface, and that the consequent sudden generation of steam, to relieve which the safety valve was inadequate, you will find for the defendant, because the letting in of such water would be the act of plaintiff's fellow servant, for which defendant would not be responsible."

There was no proof to which this charge could apply. The proof was direct, full, and uncontradicted that the boiler was well supplied with water, as tested by the gauges, a short time before the explosion, and there was no proof that any water was thereafter introduced. This charge also was requested and refused:

"You are instructed that, if you believe from the evidence that the boiler explosion in question was produced by excessive pressure of steam, you will find for the defendant, because the production of such excessive pressure would be the act of plaintiffs' fellow servant, for which defendant would not be responsible."

This charge, as far as it is sound and applicable, is clearly and sufficiently embraced in paragraph 4a of the court's charge. On the real controverted issues in the case, the trial judge, on his own motion, instructed the jury as follows:

"(3) A railway company is bound to use ordinary care to furnish safe machinery and appliances for use by its employés in operating its road, and, if ordinary and reasonable care is not exercised by the company to do this, it would be responsible for the injuries to its servants caused by such neglect. The neglect of the servant to whom the company intrusted such duties is the neglect of the master. By 'ordinary care' is meant such as an ordinarily prudent man would use under the same circumstances. It must be measured by the character and risks of the business; and, where

the person whose duty it is to repair the appliances of the business knows, or ought to know by·the exercise of reasonable care, of the defects in the machinery, the company is responsible for his neglect. (4) If the jury believe from the evidence, under the foregoing instructions, that the boiler which exploded and injured plaintiff was defective and unfit for use by reason of the cracked and broken condition of the stay bolts that held same together, and that defendant's servants, whose duty it was to repair said machinery, knew, or by reasonable care might have known, of such defects in said machinery, then such knowledge upon the part of its servants is imputable to the defendant, and, if said boiler exploded by reason of such defects, and injured the plaintiff, the defendant would be responsible for the injuries inflicted on plaintiff by such explosion, if plaintiff in no way, by his own neglect, contributed to his own injuries. (4a) If the boiler that exploded and injured plaintiff was reasonably safe for the purposes for which it was being used, and it exploded, not by reason of, any defects in its stay bolts or rivets, but by reason of an excessive head of steam, then you will find for the defendant. (5) An employer of labor in connection with machinery is not bound to insure the absolute safety of the mechanical appliances which ·he provides for the use of his employés, nor is he bound to supply for their use the best and safest or newest of such appliances; but he is bound to use all reasonable care and prudence for the safety of those in his service by providing them with machinery reasonably safe and suitable for use, and the like care devolves upon the master to keep it in repair. (6) The burden of the proof is on the plaintiff throughout this case to show that the boiler and engine which exploded were improper appliances to be used on its railroad by the defendant; that, by reason of the particular defects pointed out and insisted on by plaintiff, the boiler exploded, and injured plaintiff. The burden is also on plaintiff throughout to show you the extent and character of his injuries, and the damage he has suffered by reason thereof. You must also be satisfied that plaintiff was ignorant of the defects in the boiler that caused its explosion (if the evidence convinces you that such there were), and that he did not, by his negligence, contribute to his own injury."

On the authority of our decision in Railway Co. v. Barrett, supra, these cases are affirmed.

SPEER, District Judge, dissents.

[The dissenting opinion of Judge Speer will be found in 71 Fed. 531.]