### NORTHWESTERN STEAMSHIP CO. v. GRIGGS.

(Circuit Court of Appeals, Ninth Circuit. June 27, 1906.)

No. 1,214.

1. TRIAL—MOTION FOR NONSUIT—WAIVER.

Where defendant moved for a nonsuit at the close of plaintiff's case, but afterwards proceeded to introduce evidence on its own behalf, instead of resting on the motion, the motion was waived.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 982.]

2. MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, who was employed on a vessel to feed sheep, had knowledge of the danger of going along the pens on a platform from which he fell, without looking to see that a protecting netting, which alone afforded protection when the hold was open, was properly in place, plaintiff was bound to use such extraordinary care and caution as the known dangerous conditions of the place required.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 674.]

3. SAME.

Plaintiff, who was employed on a steamship to feed certain sheep in stalls erected on the main deck, had knowledge that there was nothing between an 18-inch walkway and the hatch but a rope netting to protect him from falling into the hold when the hatch was in use. Before using the runway he had previously been careful to see that the netting was securely in place, but, on the occasion in question, he had been looking at other employés raising the carcass of a horse from the hold, and with knowledge that the netting was not in place, attempted to use the runway while feeding the sheep, and fell therefrom into the hold. Held, that plaintiff was guilty of such contributory negligence as precluded a recovery.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 723–742.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

John P. Hartman (Dudley Dubose and Joseph K. Wood, of counsel), for plaintiff in error.

W. Lair Hill, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. It appears from the record that the defendant in error was employed by one Cox to feed and care for a lot of sheep that were shipped by Cox on the ship of the plaintiff in error from Seattle to Nome, Alaska. Some horses and cattle were also shipped by the same vessel, stalls for which were erected on the main deck. Above those stalls, on what is spoken of in the record as a "false deck," pens for the sheep were built; the top of the stalls being the floor of the pens. The outer side of the pens was flush with the railing of the ship, and, running along the inner side thereof was a walkway, from 15 to 18 inches wide, between which and the hatchway of the ship was no railing, rope, or other thing. This walkway was placed in order that the sheep might be fed and watered, and it was while employed in feeding them that the defendant in error fell through the hatchway into the hold of the ship, sustaining the injuries for which he sued. On the trial in the court below the plaintiff in error offered to prove, among other things, that it had made other plans for the pens and for the feeding of the sheep, but that Cox insisted that they should be constructed as they were, which proof, however, the court refused to permit the plaintiff in error to make. For protection against the danger of falling from the false deck, a netting made of rope about three inches in diameter was put across the hatchway at the level of the main deck, fastened at the corners, and intended to be kept in place except when the hatchway was in use for the raising or lowering of commodities, or the raising of such dead animals as was necessary to cast overboard. According to the plaintiff's own testimony, he well knew of the danger attending his going upon the walkway, protection against which lay only in the netting, and well knew that the netting had to be removed when the hatchway was in use, and that when not in use that the netting should be in place, and firmly fastened at the corners. The defendant in error testified distinctly and unequivocally several times that he knew it was dangerous to go upon the walkway, and was liable to fall from it and get hurt, and that the netting was the only protection against the danger; that it was necessary to take the netting off when the hatch was in use; and that at first he always looked to see that it was properly in place before going up to feed the sheep, which he did twice each day. Shortly before the accident a dead horse had been hoisted through the hatch, after which the netting had not been properly put in place and fastened at the corners. The plaintiff went up to feed the sheep without looking to see that the netting was in place and properly fastened, fell from the walkway, and was injured. From his own testimony he had evidently become somewhat accustomed to the danger, and, at the particular time in question, he permitted his attention to be distracted by curiosity; for he himself testified:

"I suppose it would be perfectly natural for a person coming from the hatch in the main deck, knowing that the position was a dangerous one, to look and see if the hatch was protected, and that I would have done so if I had not been looking at them raising the horse."

There was also testimony on behalf of the plaintiff tending to show that complaint had been made to an officer of the ship of the dangerous condition of the walkway, and testimony on the part of the defendant tending to show that the sheep pens were covered with canvas tightly fastened down except at one or more of the corners, and that the sheep could have been, although less conveniently fed by raising the fastened corners without going upon the walkway. On the conclusion of the evidence on behalf of the plaintiff, the defendant moved for a nonsuit, on the ground that it appeared therefrom that the plaintiff was guilty of such contributory negligence as precluded a recovery by him. If the motion be treated as proper in form, it was waived by the defendant's proceeding to introduce evidence on its own behalf, instead of resting upon the motion, and the action of the court in respect to the motion cannot, therefore, be assigned for error here. Union Pacific Ry. Co. v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597; Runkle v. Burnham, 153 U. S. 216, 222, 14 Sup. Ct. 837, 38 L. Ed. 694. But the same point arises upon the ruling of the court in respect to certain instructions given and refused, to which rulings exceptions were duly reserved by the plaintiff in error, and which are duly assigned for error by it.

On behalf of the plaintiff, the court instructed the jury, among other things, as follows:

"And if you find from the preponderance of the evidence in this case that the netting between the false deck and the main deck was placed there for the purpose of preventing any accident to any of the passengers on board the defendant's steamship, and further find from a preponderance of the evidence that the employés or any of the employés of the defendant in charge of the hatchways had knowledge that such netting had been removed and failed to replace the same, then I instruct you that you should find for the plaintiff if you further find that his injuries resulted from the carelessness and negligence of the defendant or its employés in failing to replace the netting, and you also find that the plaintiff was using and exercising an ordinary degree of reasonable care and diligence under the circumstances, considering his duties in attending and feeding the sheep on the false deck of said steamship."

While giving the foregoing among other instructions, the court refused to give these instructions requested by the defendant, to wit:

"The court instructs the jury that if they believe from the evidence that the hatchway through which the plaintiff fell and was injured was left or maintained by defendant in an unsafe or insecure manner, and that the same was known to plaintiff, and that complaint had been made to defendant of its condition; yet, notwithstanding such knowledge or complaint, the defendant failed to repair or remedy the same, and the plaintiff continued to feed the sheep and go into the vicinity of such hatchway, when another or more safe yet difficult means was available, and was injured thereby, then plaintiff is deemed to have assumed the risks incident to going about such place, and is guilty of such contributory negligence as bars his recovery in this action, and the verdict should be for the defendant. The court instructs the jury that where it is the duty of the servant to perform the work and labor in and about places known by him to be dangerous and unsafe, then it is

incumbent upon such servant in the performance of his duties to exercise such extraordinary care and caution, or such increased care and caution, as the known dangerous condition and circumstances require, and, failing to do so, must be deemed to have assumed the risk incident to such danger and guilty of such contributory negligence as bars a recovery for any injury sustained by him."

The action of the court below in each of these respects was excepted to by the defendant, and has been assigned for error.

It will be seen that by the instruction given the jury was told in effect that, if they found that the plaintiff was injured through the negligence of the defendant, they should find for the plaintiff if they also found that the plaintiff "was using and exercising an ordinary degree of reasonable care and diligence under the circumstances, considering his duties in attending and feeding the sheep on the false deck of said steamship;" and this, when it appeared from the plaintiff's own testimony that he well knew of the danger attending his going upon the walkway unless the netting was in place and properly fastened at the corners; and, further, that at first he always, before going to feed the sheep, looked to see if the netting was properly in place, and, at the particular time in question, would have done so if he had not been looking at the people raising the horse. Certainly the steamship company should not be made to pay for the gratification by plaintiff of his curiosity. The knowledge that the plaintiff had of the danger in going to the place from which he fell, without looking to see that the netting that alone afforded him protection was properly in place, cast upon him, not the duty of "exercising an ordinary degree of reasonable care and diligence" merely, but such extraordinary care and caution as the known dangerous conditions required, failing to do which, he must be deemed to have assumed the risk and to have been guilty of such contributory negligence as precludes a recovery by him of damages; for it is the well-established rule of law that one who knows of a danger from the negligence of another, and understands and appreciates the risk therefrom, and voluntarily exposes himself to it, is precluded from recovering for an injury which results from the exposure. Fitzgerald v. Connecticut River P. Co., 155 Mass. 155, 29 N. E. 464, 31 Am. St. Rep. 537; Missouri Pacific Ry. Co. v. Moseley, 57 Fed. 921, 6 C. C. A. 641. Clark v. Wright, 79 Fed. 744, 25 C. C. A. 190; Seymour v. Chicago, B. & Q. Ry. Co., Fed. Cas. No. 12,685; New Jersey Express Co. v. Nichols (N. J.) 97 Am. Dec. 722; Shearman & Redfield on the Law of Negligence, p. 938, par. 513a.

The judgment is reversed, and the cause remanded to the court below for a new trial.