BALTIMORE & O. R. CO. v. ROOT.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1910. Rehearing Denied February 10, 1910.)

No. 1,588.

1. MASTER AND SERVANT (§ 185*)—RAILROAD COMPANY—DUTY TO KEEP ENGINES IN REPAIR—DELEGATION OF DUTY TO FELLOW SERVANT OF INJURED EMPLOYÉ.

The obligation resting upon a railroad company as master to exercise reasonable care in keeping its engines in repair, which includes the making of inspection, tests, and examinations at proper intervals, is one of positive duty, directly owing to the servants engaged in their use; and the company is answerable to such servants for nonperformance of this duty by its other servants to whom its performance is delegated, and this irrespective of the relation otherwise existing between its various employés.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

2. MASTER AND SERVANT (§ 189*)—MASTER'S LIABILITY FOR INJURY TO SERVANT—RAILROAD COMPANY—DEFECTIVE ENGINE.

Plaintiff was severely injured by the blowing out of a wash-out plug in the boiler of the locomotive engine on which he was working as fireman in the employ of defendant railroad company. Such plugs were made of copper or brass, and screwed in. They were required to be unscrewed every six or eight days at the shops to wash out the boiler, and, owing to the soft material, the threads soon became worn, and required constant inspection and attention by the foreman at the shops, who was charged with that duty, and renewal every eight or nine months. The boiler of such engine was washed out on the morning of the accident, but the washer was unable to unscrew the particular plug in question, and so reported to the foreman, who directed him to leave it in place and use another opening, and sent the engine out without further inspection of the plug. After it was blown out, the threads were found to be worn and in a stripped condition. Held that, in relation to his duty to inspect the plug and see that it was in good condition, the foreman of the shop was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not a fellow servant of plaintiff, and that the facts warranted a finding that defendant was negligent and liable for plaintiff's injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 428, 433, 442; Dec. Dig. § 189.*]

In Error to the Circuit Court of the United States for the District of Indiana.

Action by Claude E. Root against the Baltimore & Ohio Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff in error was defendant below in the suit of Claude E. Root to recover for injuries incurred in its service and alleged to be caused by its negligence. Upon trial of the issues to a jury, verdict was rendered against the plaintiff in error, and this writ is prosecuted for reversal of a judgment entered accordingly. The only question raised is the sufficiency of evidence for submission to the jury, and the material facts involved therein are stated in the opinion.

Samuel D. Miller, for plaintiff in error.

H. W. Mountz, for defendant in error.

Before BAKER and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge. The verdict and judgment in this case rest upon undisputed facts in evidence of an explosion and resultant injury suffered by the plaintiff below, together with facts and circumstances either proving or tending to prove the cause of the explosion, and no controversy appears to have arisen upon the trial beyond the contention on behalf of the defendant that these facts were insufficient to authorize a finding of liability. Under this contention, as a proposition of law, motions were made to direct a verdict in favor of the defendant, and error is assigned for the adverse rulings of the trial court thereupon, as the sole ground upon which reversal is sought.

The plaintiff was a locomotive fireman in the service of the defendant railway company, and was seriously injured in an explosion caused by the blowing out of a wash-out plug in the front end of the engine while he was on duty. In reference to the tendency of these plugs to become defective, and the care required and usually exercised by the foreman and special servants of the company charged with such duty, the testimony shows that wash-out openings were provided in the boiler, to be securely closed by means of these plugs when the engine was in use; that the special servants referred to were required to wash out the boilers to fit them for service, usually every six or seven days, removing the wash-out plugs for such purpose; that the plugs were made of copper or brass and screwed into the openings in the steel flue sheets; that the softer threads of the plugs thus became speedily worn and thereafter unsafe for further use under the pressure of steam in the boilers, so that frequent inspections of the plugs— usually at each washing of the boilers—and renewal when defective were well recognized duties, delegated to these special servants; that ordinarily the plugs in use required renewal every eight or nine months; and that the plaintiff had no part in the performance of these

duties. On the occasion in controversy, the engine was delivered from the shops for service, after it had been washed out, and the engineer had started up, under normal steam pressure, with the fireman (plaintiff) attending to the fire, when the plug referred to was blown out, and the fireman overwhelmed in a blast of steam, fire, and ashes from the fire box. The plug was found, identified, and produced in evidence, and the foreman, charged with inspection and repair (called on behalf of the plaintiff below as a witness), aptly describes its appearance in these words: "The thread is worn and in a stripped condition."

In the testimony of Foreman Wade, the above-mentioned witness, his duty is defined to be "complete inspection and repair work on engines delivered" to the shop, and he states, in substance, these further facts: That this engine was so delivered, the plug in question taken out, and the boiler washed on July 2d; that after service the engine was again returned to the shops, on the morning of July 8th—the day of the accident—when the flues were calked and the boiler washed out; that on this last occasion the boiler washer attempted to remove such plug by use of a wrench, but failed to unscrew it and so reported to the foreman (witness), who then made like trial and failure; that thereupon the foreman directed the helper to leave that plug in place and wash out the boiler through another opening; and that this course was followed out, and the engine thus delivered for the service in question, without further trial or examination of the plug so left in place and discovered to be out of order.

The entire argument for reversal proceeds on the assumption that the last-mentioned direct evidence upon the issue is without force, as tending merely to prove "negligence of fellow servants" therein, and it is contended, in substance, that the other facts are insufficient to support the charge for the alleged reason that they amount only to proof "that the plug blew out," or of "the happening of an accident," and that the doctrine of res ipsa loquitur is not applicable in favor of the plaintiff in such view, under the relationship of master and servant. We believe both of these theories in reference to the effect of the evidence to be untenable, and that a finding of breach of duty on the part of the defendant company, as charged in the complaint, was authorized under the facts recited. The proposition that the doctrine of res ipsa loquitur is inapplicable between these parties to raise a presumption of negligence from the mere happening of an accident is beside the present inquiry. Nor is it needful, as we believe in the light of these facts, to ascertain whether that doctrine may not be applied within the general rules of evidence to infer negligence in fact from the occurrence.

The obligation resting on the defendant company, as master, to exercise reasonable care in keeping its engines in repair—which includes the making of "inspection, tests and examinations at proper intervals"—is one of positive duty, directly owing to the servants engaged in their use, and the rule is well settled that the master is answerable to such servants for nonperformance of this care by its other servants, to whom performance is delegated, and this irrespective of the relation otherwise existing between the various employés of the master. Union Pacific Railway Co. v. Daniels, 152 U. S. 684, 688, 14 Sup. Ct. 756,

38 L. Ed. 597, and authorities cited; Northern Pacific R. R. Co. v. Peterson, 162 U. S. 346, 353, 16 Sup. Ct. 843, 40 L. Ed. 994. The plaintiff's complaint plainly charged breach of duty on the part of the defendant within this rule as the cause of his injury, and the above-mentioned testimony of the foreman, who was the personal representative of the master for performance of the duty, tended to prove the alleged nonperformance—both by way of direct evidence as to the transactions and in statement of facts from which negligence may reasonably be inferred—so that its materiality is established by the rule above cited.

While the testimony does not disclose the length of time the plug had been retained in use—whether longer or shorter than the usual period of renewal, "every eight or nine months"—we believe that the facts which were in evidence furnish ample authority for the inferences of fact that the threads of the plug were worn and stripped when the engine was returned to the shop on the morning of July 8th, and that reasonable and ordinary care was not then exercised to remove the plug and remedy the defect. Whether this condition was due to long use, or to faulty insertion of the plug on July 2d—a well-known cause of stripping and danger, under the evidence—it may well be inferred, not only that the inspection usually required when the boilers were washed out would have disclosed the defect, but that reasonable care under the circumstances shown required such inspection and renewal of the plug.

We are of opinion therefore that error is not well assigned, and the judgment against the plaintiff in error is affirmed.