## MUTUAL LIFE INS. CO. OF NEW YORK v. WELLS FARGO BANK & UNION T.RUST CO. *

### No. 7797.

Circuit Court of Appeals, Ninth Circuit.

Nov. 30, 1936.

*Rehearing denied Feb. 23, 1937.

586

Frederick L. Allen, of New York City, and F. Eldred Boland and Leo R. Friedman, both of San Francisco, Cal., for appellant.

Lloyd W. Dinkelspiel, F. Whitney Tenney, Richard E. Guggenhime, and Hel-

ler, Ehrman, White & McAuliffe, all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

PER CURIAM.

In this case there was a former appeal in which the present appellee was the appellant. We reversed the judgment entered in favor of defendant upon a directed verdict and sent the case back to the District Court for a new trial upon the ground that the evidence was sufficient to justify submission of the case to the jury. Wells Fargo Bank & Union Trust Co. v. Mutual Life Ins. Co., 66 F.(2d) 890. At the second trial the plaintiff trust company prevailed and the insurance company now brings this case before us. Except that no testimony regarding the choke of the automobile was introduced, the evidence was otherwise practically identical with that presented at the first trial. Therefore, to save repetition, we refer to the previous decision, supra, for a detailed statement of the facts.

■ There are 10 assignments of error. Assignment 1 is that the trial court erred in denying appellant's motion for a directed verdict made at the close of all the evidence. The motion was that the court direct the jury to return a verdict in appellee's favor for the amount of the single indemnity ($15,000) provided for in the policy, less certain admitted deductions, the net amount of such single indemnity being $14,527.65. The ground of the motion was that the evidence was insufficient to warrant a finding that the death of the insured resulted from bodily injury effected solely through external, violent, and accidental means, and insufficient, therefore, to warrant a verdict for the double indemnity ($30,000) provided for in the policy. The evidence, as above stated, was not materially different from that given at the first trial of this case. That was held sufficient to justify submission of the case to a jury. Wells Fargo Bank & Union Trust Co. v. Mutual Life Ins. Co., supra. The appellant's motion was properly denied.

■ Assignment 2 is that the trial court erred in denying appellant's motion for a directed verdict made at the close of appellee's case. Appellant waived this alleged error by introducing evidence in

its own behalf. Sacramento Suburban Fruit Lands Co. v. Melin (C.C.A.9) 36 F.(2d) 907, 909.

Assignment 3 is: "That the evidence was and is insufficient to justify or support the verdict of the jury and/or the judgment." This is not a proper or sufficient assignment of error, nor is it separately or specifically urged in appellant's brief and therefore should not be considered. Dayton Rubber Mfg. Co. v. Sabra (C.C.A.9) 63 F.(2d) 865; Hecht v. Alfaro (C.C.A.9) 10 F.(2d) 464, 466.

Assignment 4 is that the trial court erred in denying appellant's motion to strike out certain testimony given by a witness for appellee. Assignment 5 is that the trial court erred in admitting, over appellant's objection, certain testimony given by a witness for appellee. These alleged errors are not specified in appellant's brief, as required by our rule 24, and should therefore be disregarded.

Assignment 6 is that the trial court erred in failing and refusing to give the jury six instructions said to have been requested by appellant. This assignment is invalid, in that it attempts to cover six alleged errors, thereby violating our rule 11, which provides that an assignment of errors "shall set out separately and particularly each error asserted and intended to be urged." E. R. Squibb & Sons v. Mallinckrodt Chemical Works (C.C.A.8) 69 F.(2d) 685, 687; Albany Perforated Wrapping-Paper Co. v. John Hoberg Co. (C.C.A.7) 109 F. 589; Sutherland v. Brace et al. (C.C.A.7) 71 F. 469; A., T. & S. F. R. Co. v. Mulligan (C.C.A.7) 67 F. 569.

For the same reason assignment 7, directed to the giving by the court of certain instructions, is unavailing.

But there is still another reason why such an assignment fails to properly present a question for review. The record shows that, following the giving of the instructions by the court to the jury, counsel for the defendant said: "At this time, for the purpose of the record, we desire to object and to note an exception to the action of the Court in its refusal to give defendant's requested instructions 5, 6, 7, 8, 10 and 11. Likewise we desire to note an exception to the Court's refusal to give defendant's requested instructions Nos. 20 and 21. We likewise desire to note an exception to the Court giving—if the reference is sufficient—plaintiff's proposed instructions 3, 6, 7 and 8. I may state that plaintiff's instruction 3 is to the effect of what particular inferences the jury will be permitted to draw. I think your Honor is conversant with that, as to the specification of those inferences and not as to the general language preceding it. Our objection to plaintiff's proposed instructions 6, 7 and 8 is on the ground of the burden of proof as to suicide in a case of this kind. Likewise we desire to note an exception to that portion of the Court's charge which deals with the subject of miscalculation as an unforeseen fortuitous circumstance."

The exceptions, quoted above, taken to the court's instructions, are insufficient to raise any point for consideration by this court on appeal. They fail to state the grounds upon which they are based, and such neglect is fatal. This court said in Royal Finance Co. of California v. Miller, 47 F.(2d) 24, 27: "The exception to this instruction does not state the ground of the exception as is required of a party in order to present such objections in this court. In Sacramento, etc., v. Loucks, 36 F.(2d) 921, in speaking of the specification of error as to instructions given by the trial court, we said: 'These specifications of error cannot be considered, for the reason that the exceptions to the charge do not show the ground of the objection thereto.' See, also, Sacramento Suburban Fruit Lands Co. v. Johnson (C.A.) 36 F.(2d) 925."

Again, in First Nat. Pictures v. Robison, 72 F.(2d) 37, 39, we said: "We call attention to the fact that, although this and many other instructions to the jury were excepted to by the defendants' attorneys who tried the case in other respects with meticulous care, no ground for the exceptions were stated to the court, and, consequently, such exceptions cannot be considered." (Many cases cited.)

See, also, Pacific S. S. Co. v. Holt, 77 F.(2d) 192, 199 (C.C.A.9); State Life Ins. Co. v. Sullivan, 58 F.(2d) 741, 744 (C.C.A.9).

Assignment 8 is that the trial court erred in giving the jury certain instructions therein set forth. This alleged error is not specified in appellant's brief, as required by our rule 24, and should, therefore, be disregarded.

Assignment 9 is that the trial court erred in denying appellant's motion for a

new trial. Such a ruling is not assignable as error. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439.

■ Assignment 10 is that the trial court erred in denying appellant's motion to amend the judgment by disallowing interest on $14,527.65 thereof from October 4, 1932. Appellant's answer admitted that it owed appellee $14,527.65, but denied that it owed anything more. This amount, plus 1 per cent. thereof as clerk's fees (28 U.S.C.A. § 555), was deposited by appellant in the registry of the District Court on October 4, 1932, and thereafter "remained in the registry of said court, subject to the order of * * * [appellee] and subject to the right of * * * [appellee] to withdraw and receive said sum at any time," but appellant did not deposit or tender to appellee the other $15,000 which, it is now established, appellant owed appellee. In depositing the $14,527.65, appellant did not stipulate, or offer to stipulate, that appellee might accept this amount without prejudice to its right to demand the other $15,000. It was apparently intended that the smaller sum, if accepted at all, was to be in full settlement of appellee's claim. Having tendered less than was due, appellant cannot be relieved from paying interest on the amount tendered. Lilienthal v. McCormick (C.C.A.9) 117 F. 89, 96. Appellant's motion was properly denied.

Judgment affirmed.