## MOORE v. TREMELLING.*
### No. 8873.

Circuit Court of Appeals, Ninth Circuit.
Nov. 21, 1938.

*Rehearing denied Dec. 27, 1938.

Walter H. Anderson, Clyde Bowen, and Gus Carr Anderson, all of Pocatello, Idaho, for appellant.

Louis Kabell, Jr., of Evanston, Wyo., and B. W. Davis, of Pocatello, Idaho, for appellee.

Before WILBUR, DENMAN, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is a second appeal in an action brought by appellee to recover damages for alleged malpractice in the care and treatment of the appellee while he was suffering from a fracture of the surgical neck of the right femur. For a more detailed statement of the facts we refer to our opinion in the former appeal, 9 Cir., 78 F.2d 821.

The appellant diagnosed the fracture as impacted and treated it as such. The appellee claimed that it was unimpacted. We held on the former appeal that there was not sufficient evidence to go to the jury on the question of whether or not the appellant was negligent in making the diagnosis of impacted fracture. We further held the evidence insufficient to show that the appellee suffered damages by the alleged acts of malpractice. The appellant claims that upon the retrial these deficiencies were not supplied and therefore the evidence was insufficient to submit to the jury.

The evidence was conflicting as to whether or not there was negligence in the diagnosis and treatment of the fracture but there was ample evidence upon which to submit that question to the jury. There was testimony by the appellee, his son and son-in-law, who were present at the time of the examination of appellee by appellant, and testimony by appellee's daughter, that his right foot everted, or rolled over. On the other hand, appellant testified that the foot did not evert or roll over but agreed with all the other experts that if the foot did in fact evert the diagnosis should have been that the fracture was unimpacted.

There was testimony by Dr. Rich that according to the standard of medical practice at Paris, Idaho, a number of X-ray pictures should have been taken at once at different angles to determine the nature of the fracture, and that other X-ray pictures should have been taken later, one when the plaster cast was applied and another when it was removed. The appellant took only one X-ray at the time of his diagnosis and none later. Expert evidence was given that the amount of pain and of mobility, and of crepitus, if any, should indicate to a practitioner of ordinary skill whether or not the fracture was impacted.

Dr. R. B. Lindsey testified that from his examination of the single X-ray taken by appellant, in his opinion if the foot rolled over or everted the fracture was an unimpacted one. Dr. P. J. Germon, X-ray specialist, testified that from an examination of the X-ray taken by appellant, in his opinion the fracture was unimpacted. Dr. J. H. Holland, who practiced in a locality similar to Paris, Idaho, testified that from examination of an X-ray taken under his supervision some two years after the injury the fracture appeared to have been unimpacted. He testified

that the recognized practice in diagnosing an unimpacted fracture was to take a number of X-rays, sometimes as many as three or four views; that it was necessary to use a great deal of care in the manipulation of any thigh, or hip, "until you have had your pictures and know just what has happened."

With reference to evidence tending to show that the result would have been better had there been no negligence in treatment or diagnosis, there was definite testimony by expert witnesses, which justified the submission of the question to the jury, that if appellee had been treated according to the professional standards of the place where the service was rendered, the results would have been substantially better. For instance, Dr. Rich testified that the result would have been better with proper treatment, and that in his opinion the improper diagnosis, reduction, treatment and after treatment, caused the shortening or overriding and loss of function which he found upon examining appellee more than two years after the accident.

Dr. Lindsey testified that "with an unimpacted fracture and the treatment I have outlined he should get a good union and a good functional hip."

The appellant claims that under the law of the case as established by a previous opinion, this evidence was insufficient to submit the question of damage to the jury. The trial court correctly interpreted our previous opinion holding as it did that it is not necessary to prove with mathematical certainty the amount of injury due to malpractice where expert witnesses showed the difference in result which is reasonably certain to follow proper treatment. The question of the amount of damages to be awarded for the degree of impairment and its consequences was one for the determination of the jury.

The appellant presents 74 assignments of error, many of them not being argued and a number of them presenting the question of the sufficiency of the evidence, which we have already disposed of.

Assignment No. 1, argued by appellant, is to the overruling of appellant's objection to the introduction of any evidence on the ground that the complaint did not state a cause of action. This ruling presents no question for review. Board of Com'rs v. Sherwood, 8 Cir., 64 F. 103; United Kansas Portland Cement Co. v.

Harvey, 8 Cir., 216 F. 316; Boone v. U. S., 8 Cir., 257 F. 963, 965; Liquid Veneer Corp. v. Smuckler, 9 Cir., 90 F.2d 196. Inasmuch, however, as appellant demurred to the complaint upon the ground that it failed to state a cause of action and assigned as error (assignment of error No. 72) the overruling of the demurrer, we have examined his contentions in respect to the sufficiency of the complaint and find them without merit.

Appellant assigns numerous errors in the overruling of his objections to evidence. Many of the objections are not argued or discussed separately in the brief. We have, however, examined all errors assigned and find no merit in any of them. We confine our consideration to assignments of error Nos. 3, 4, 5, 16, 27 and 52 which are specifically pointed out and discussed in appellant's brief.

■ Assignment of error No. 3 concerns the denial of appellant's motion to strike out the following statement made by the appellee with reference to bed sores which developed during the time his legs were in the plaster cast: "Sores caused through the cast—through the cast squeezing and no padding." The motion to strike this testimony was on the ground that it was a conclusion of the witness. The trial court held that this was a matter of common observation and did not require expert knowledge. There was, in fact, expert testimony to the effect that padding was necessary to prevent or relieve bed sores. There was no error in the court's ruling.

■ Assignment No. 4 challenges the evidence offered to prove the earning capacity of the appellee before his injury. This evidence was proper and necessary as a factor in determining his loss of earning power.

■ Assignment No. 5 relates to a denial of a motion to strike out the following testimony given in response to the following question:

"Q. Do you remember who removed the sandbags? A. Well, I moved the sandbags, or, I guess, put them off the bed. They weren't kept there, I don't suppose.

"Mr. Anderson: We move what she guesses and supposes be stricken, if the Court please.

"The Court: Oh, that is trivial. Denied."

The same testimony had been given a moment before when the witness said: "I removed the sandbags, or, I guess, put them off the bed. They weren't kept there, I don't suppose." There was no error in denying the motion to strike out the repetition of the testimony. Her testimony is clear that she moved the sand bags which had been placed alongside appellee's leg to hold it in position. Whether or not she afterward put them on the floor or somewhere on the bed was entirely immaterial.

■ In assignment No. 16, error is claimed in permitting over objection an expert witness for appellee to answer the following question:

"Q. You say you would keep the cast on six or eight weeks. Now, if after you took the pictures at the end of six or eight weeks to determine on removing the cast, Doctor, what would be done if you found a situation as is shown in this large X-ray, plaintiff's exhibit No. 1?"

The objection argued is that the X-ray was taken two years after the condition or cause was shown to have occurred and without any evidence showing a continuity or similarity of conditions. Examination of the record shows that the question was put for the purpose of determining whether or not in properly treating the injury an X-ray should have been taken at that period (after six or eight weeks) if, after the cast was put on the patient continually complained of pain. Appellee by this question was not attempting to prove that the condition shown in the X-ray existed at the end of six or eight weeks and that appellant, knowing of it, failed to properly treat it. The evidence was introduced to show that appellant, upon the symptoms of continual pain, should have ascertained if such a condition existed as is shown in the exhibit by taking an X-ray and, if shown to exist, should have treated such condition. There was no error in the ruling.

Assignment 27 relates to the following question: "Now, with the fracture that you see in plaintiff's exhibit number 2 here, what would be the number of pictures taken to diagnose that?" Appellant's objection thereto was overruled but the question was not answered.

■ Assignment No. 52 assigns as error the exhibition to the jury of the appellee's injured hip. This was proper for the purpose of showing the condition of the ap-

pellee at the time of the trial. The evidence was offered not for the purpose of diagnosis, but for the purpose of showing damage and was admissible for that purpose.

Appellant assigns as error the refusal of the court to give certain instructions requested by it. Its argument thereon is as follows: "We submit that our requested instructions were sound and should have been given but we will not burden this court to discuss each one of them separately but we invite the court's attention to the brief on the former appeal, page 52, points 25, 26, 27, 28 and 29."

This argument does not comply with our rule requiring separate statement of each assignment of error relied upon preceding the argument addressed to it. Rule No. 24, subd. 2(d). Nevertheless, we have examined the appellant's proposed instructions incorporated in the various assignments of error. We find no error in the refusal of the court to give the instructions requested by appellant in view of the elaborate and comprehensive instructions given by the trial court fully and correctly covering all the points presented by the appellant's proposed instructions.

Error is assigned (assignment of error No. 51) to the overruling of appellant's motion for non-suit made after the close of the appellee's case. Appellant argues that his motion should have been granted because the evidence showed that the statute of limitations barred recovery. This objection to the court's ruling was waived by the introduction of testimony by appellant. Columbia and Puget Sound R. Co. v. Hawthorne, 144 U.S. 202, 12 S. Ct. 591, 36 L.Ed 405; Union Pacific R. Co. v. Daniels, 152 U.S. 684, 14 S.Ct. 756, 38 L.Ed. 597; Sacramento Suburban Fruit Lands Co. v. Melin, 9 Cir., 36 F.2d 907, 909; Mutual Life Ins. Co. v. Wells Fargo Bank & Trust Co., 9 Cir., 86 F.2d 585; Humphreys Gold Corp. v. Lewis, 9 Cir., 90 F.2d 896. Inasmuch, however, as appellant did make a motion for directed verdict on the same ground after both parties had rested and assigned error to the overruling of this motion (assignment No. 58) we will consider the appellant's argument.

Section 5-219, Idaho Code Annotated 1932, provides that actions to recover damages for personal injury caused by wrongful act or neglect of another must be brought within two years. The accident occurred on May 28, 1931, and appellee first consulted appellant on that day for treatment. The complaint was filed December 5, 1933. The contention of appellant is that there is no evidence that appellee was treated by him after August 20, 1931 and consequently that the cause of action accrued at that time; that even if appellant did advise or treat appellee as claimed by him on January 28, 1932, there is no evidence that appellee was injured by such advice or treatment. There is no merit in this contention. There is evidence that on January 28, 1932, appellant advised appellee to throw away his crutches and put weight on his leg and that appellee was damaged by following this advice.

Appellant's assignment of error No. 60 relating to the correctness of the court's instruction on the statute of limitations not being argued or discussed in the brief is abandoned. Forno v. Coyle, 9 Cir., 75 F. 2d 692, 695; Mutual Life Ins. Co. v. Wells Fargo Bank & Trust Co., 9 Cir., 86 F.2d 585, supra; Bank of Eureka v. Partington, 9 Cir., 91 F.2d 587.

Judgment affirmed.