## CHICAGO, M. & ST. P. RY. CO. v. CHAMBERLAIN.

(Circuit Court of Appeals, Ninth Circuit.   June 3, 1918.)

### No. 3097.

1. EVIDENCE ⬤122(6)—RES GESTÆ—STATEMENT CONNECTED WITH EVENT.
   A statement made by plaintiff, shortly before he fell from an unlighted station platform on defendant's railroad and was injured, that he was there to take an incoming train, *held* admissible as part of the res gestæ.

2. EVIDENCE ⬤155(11)—COMPETENCY—SIMILAR EVIDENCE BY ADVERSE PARTY.
   Testimony in rebuttal that plaintiff in personal injury case was not intoxicated, relevent in contradiction and explanation of testimony introduced by defendant over plaintiff's objection, *held* properly admitted.

3. NEW TRIAL ⬤6—DISCRETION OF COURT.
   The denial of a motion for a new trial in the federal courts is within the discretion of the court.

4. APPEAL AND ERROR ⬤977(1)—REVIEW—NEW TRIAL.
   Where the court exercises its discretion in denying a motion for new trial, and there is evidence supporting the judgment, motion is not reviewable on writ of error.

In Error to the District Court of the United States for the District of Idaho; Frank S. Dietrich, Judge.

Action by Bartholomew Chamberlain against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Action to recover damages for personal injuries. The defendant in error received injuries as a result of falling from a platform owned by the plaintiff in error, located at a point on its line of railway designated as Herrick, in the state of Idaho. The parties to the action will be designated as in the court below.

It is alleged in the complaint, in substance, that prior to October 1, 1916, there was at Herrick, in Idaho, a depot building with a platform in connection therewith for the convenience of passengers arriving and departing on the trains operated by the defendant over its line of railway; that the depot and platform at this time were constructed between the main line and a siding adjoining, and were elevated above the natural lay of the ground about 10 feet; that the depot building was constructed upon posts about 10 feet high, and the platform in connection therewith extended from the depot building proper out to the main line, a distance of about 11 feet; that on the west side of the depot building the platform was extended from the main line to the side track for the purpose of transferring freight and passengers from the main line to the side track, and completely bridged the low land between the side track and the main line on the west side of the depot building; that about the 1st of October, 1916, the defendant removed the depot building and that portion of the platform west of the building from the station to some other point on its line of railway, but left the platform, which had extended from the depot building to the main line, being about 11 feet in width and 80 feet long; that on the side of the platform where it formerly joined the depot building it was elevated above the natural lay of the ground about 10 feet, and that the ground below was thickly covered with rocks, boulders, and logs; that after moving the depot building the defendant maintained a station at that point as before, and sold tickets to and from the station, and continued the platform for the use and convenience of passengers, but left the platform along the space where the depot building stood unguarded and unrailed; that on November 15, 1916, the plaintiff, intending to board a west-bound passenger train as a passenger, went

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

upon the platform about 7 o'clock in the evening, just before the arrival of the train; that the evening was dark and the platform unlighted, and because of the unguarded and unrailed condition of the platform, along the space where the depot building had been, the plaintiff fell from the platform about 10 feet to the ground below and was injured, as charged in the complaint.

The defendant in its answer denied the allegations of the complaint. Upon the trial there was evidence on the part of the plaintiff tending to establish all the material allegations of the complaint. The court charged the jury upon the issues of fact. No exceptions were taken to the charge, and the jury returned a verdict in favor of the plaintiff for $7,500, and a judgment was entered accordingly. A motion for a new trial was denied.

George. W. Korte, of Seattle, Wash., and J. F. Ailshie, of Cœur d'Alene, Idaho, for plaintiff in error.

R. B. Norris, of St. Maries, Idaho, and Corkery & Corkery, of Spokane, Wash., for defendant in error.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). [1] The answer of the defendant denied that the plaintiff went upon the platform at the station for the purpose of becoming a passenger on defendant's train. This denial raised the issue as to whether or not the plaintiff did intend to become such passenger. On the trial the plaintiff testified that he went upon the platform, intending to take passage to another station on the west-bound train. This testimony was uncontradicted, but in support of it a witness was called, who testified, among other things, that he saw the plaintiff at the station upon the arrival of the train; that the witness was about to shake hands with him and bid him good-by, when the plaintiff stated that he "was going on through with" the witness "on the train as far as Plummer Junction." It was objected that this testimony was hearsay, self-serving, and incompetent. It was not self-serving, unless it can be presumed that the plaintiff anticipated falling from the platform, and that he knew it was necessary that he should have the rights of an intending passenger to enable him to recover for whatever injuries he might receive. We cannot indulge in such a presumption. We cannot assume that the plaintiff knew that he was about to fall from the platform, or that as an intending passenger the company owed him a duty he was not otherwise entitled to claim.

In a sense, the testimony of the witness was hearsay, but it stood "in immediate causal relation to the act—a relation not broken by the interposition of a voluntary individual wariness seeking to manufacture evidence for itself." Wharton on Evidence (3d Ed., 1888) par. 259. In this sense it was a part of the res gestæ.

· "These surrounding circumstances, constituting part of the res gestæ, may always be shown to the jury along with the principal fact, and their admissibility is determined by the judge according to the degree of their relation to that fact and in the exercise of his sound judgment; it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description." 1 Greenleaf (12th Ed.) par. 108; St. Clair v. United States, 154 U. S. 134–147, 14 Sup. Ct. 1002, 38 L. Ed. 936.

We think the testimony was unimportant, but its admission was properly within the discretion of the court.

[2] In support of the defense of contributory negligence on the part of the plaintiff, evidence was introduced, over the objection of the plaintiff, tending to show that he had been at another station on the line of the road earlier in the day drinking with friends; that, returning in the afternoon along the railroad track in the direction of Herrick, the party had been overtaken and picked up by employés of the road operating a motorcar; that the employés on the motorcar did this as a matter of safety for the men taken on the car. The plaintiff was called in rebuttal and testified that he was not drunk, and over the objection of the defendant testified that the party paid the employés on the car for the ride.

It is contended that the admission of this testimony was error tending to prejudice the jury against the defendant. The testimony was admitted by the court as tending to meet the defense that these men were picked up because they were in an intoxicated condition. The car ride having been brought to the attention of the jury over the objection of the plaintiff, it was not error on the part of the court to permit him to show the circumstances connected with the ride, and the fact, if it was a fact, that, instead of being taken onto the car for his safety, it was because he paid for the ride to Herrick. It was testimony in rebuttal, and under the circumstances was properly admitted.

The evidence on behalf of the plaintiff upon the issues of the case were sufficient to go to the jury, and the court properly denied the motion of the defendant for an instructed verdict.

[3, 4] The denial of a motion for a new trial in the federal courts is within the discretion of the court, and where that discretion has been exercised, and there is evidence to support the judgment, as in this case, a motion is not reviewable on a writ of error. Hedderly v. United States, 193 Fed. 561–571, 114 C. C. A. 227; Pickett v. United States, 216 U. S. 456–461, 30 Sup. Ct. 265, 54 L. Ed. 566; Holmgren v. United States, 217 U. S. 509–521, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Shepard v. United States, 236 Fed. 73–77, 149 C. C. A. 283; Maryland Casualty Co. v. Orchard Land & Timber Co., 240 Fed. 364–367, 153 C. C. A. 290.

The judgment of the court below is therefore affirmed.