## AMERICAN FILM CO., Inc., v. MOYE.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1920. Rehearing Denied October 18, 1920.)

No. 3475.

1. **Highways ⬤184(2)—Evidence held sufficient to authorize testimony as to condition two days later.**

   It was not error to admit testimony of a witness as to the marks on a highway at the place of an automobile collision two days after the collision, where there was testimony as to the condition of the highway immediately after the collision, from which the jury could determine whether the condition two days later was the same as immediately after the collision.

2. **Appeal and error ⬤979(1)—New trial ⬤6—Denial of new trial rests in discretion of trial court.**

   The granting or denial of a new trial is intrusted to the discretion of the trial court, and the exercise of such discretion is not reviewable on appeal, where there is evidence to support the verdict.

3. **Appeal and error ⬤1004(1)—Amount of damages supported by evidence not reviewable.**

   Where the evidence supports the verdict, an objection that the verdict is excessive cannot be considered on appeal.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action by Gideon L. Moye against the American Film Company, Incorporated. Judgment for plaintiff, and defendant brings error. Affirmed.

Ford & Bodkin, of Los Angeles, Cal., and Thompson & Robertson, of Santa Barbara, Cal., for plaintiff in error.

C. L. Kilgore and Duke Stone, both of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This action was brought by Gideon L. Moye against the American Film Company, Incorporated, a Virginia corporation. Gideon L. Moye was the plaintiff in the court below, and the American Film Company, Incorporated, a corporation, was the defendant therein, and they will be so referred to in this opinion.

The complaint alleges that on November 27, 1918, a certain automobile, owned by the plaintiff and while being driven by his agent, on the "Rincon road" north of Ventura city, was struck with great force by an automobile owned by the defendant, traveling northerly, which automobile was so negligently operated that plaintiff's automobile and the automobile of the defendant collided, and plaintiff's automobile, by reason of the negligence of the driver of defendant's automobile, was broken, injured, and demolished, and the same was rendered entirely useless, and could not be run or operated, and was injured be-

yond repair; that by reason thereof plaintiff was damaged in the sum of $3,210.50, for which he asks judgment and costs of suit.

The defendant filed an answer, denying specifically the allegations of the complaint, and as additional defense alleged that the injuries to said automobile and the resulting damage to plaintiff was caused solely through the negligence of the driver of plaintiff's automobile in driving said automobile at a rate of speed in excess of 30 miles per hour and to the left of the center of said highway, and as a third and separate defense that the damage to plaintiff's automobile, if any, was proximately contributed to by the negligence and lack of care of plaintiff and his agents, which contributory negligence consisted of driving said automobile on said highway in excess of 30 miles per hour on the left side of the highway.

Defendant also filed a cross-complaint against plaintiff, charging negligence and liability for the damage to defendant's automobile, to which plaintiff filed his answer, denying negligence on his part and the alleged damage to defendant's automobile. During the course of the trial plaintiff by leave of court filed an amendment to his answer to the cross-complaint, alleging that the injury to defendant's car was due to the negligence of defendant, its employés or agents, in that they operated defendant's car at a greater speed than was reasonable and proper at the time and place, and without using ordinary care to keep a lookout for passing vehicles, and operated it on the wrong side of the road in the direction in which they were traveling, which acts plaintiff alleges were negligent and unlawful, and were the sole and proximate cause of the accident and injuries to defendant's car.

The case was tried before a jury, and a verdict was returned in favor of plaintiff and against defendant for damages in the sum of $1,500, and judgment was entered accordingly. From this judgment defendant prosecutes this writ of error.

The plaintiff was the owner of an automobile, which on November 27, 1918, was being driven by an agent or employé engaged in carrying passengers for a stage company running on the state highway between Santa Barbara and Los Angeles. The car was traveling south in the direction of Los Angeles. The defendant was also the owner of an automobile, which on the same date was being driven along the state highway by an agent or employé, carrying other employés as passengers. The car was traveling north in the direction of Santa Barbara.

There is testimony tending to prove that plaintiff's car was running at the rate of 35 to 40 miles per hour, and defendant's car was running at about 25 miles per hour. At a point about 22 miles south of Santa Barbara, and about 6 miles north of Ventura, at about 7 o'clock in the evening, these two cars, carrying lights, met in collision on the highway. Where the collision occurred the highway is paved. The paved portion is about 16 feet in width, slightly elevated in the center, and was in perfect condition. The ground on the west side of the paved portion was 3 or 4 inches below the edge of the pavement. In the collision, the respective left front wheels on each of the automobiles were driven into the other, the direction of the cars

reversed, and plaintiff's automobile was almost completely demolished. There was evidence tending to show that the driver of plaintiff's car turned the car off the pavement to the right in an effort to avoid collision, and ran off of the pavement for some distance, and that two passengers on the car felt the jar going off the pavement. On the other hand, the driver of the defendant's car testified that he pulled his car off the highway to the right to avoid the collision; that his car was about a foot off the highway. The actual collision condemns the testimony for either the plaintiff or defendant as being untrue.

[1] The testimony of the witnesses to the accident being in absolute conflict, resort was had to the testimony of witnesses describing the appearance of the cars, the track, and the skidding marks on the road, observed immediately following the accident. From this testimony the jury drew the conclusion that the defendant was at fault, and awarded its verdict in favor of the plaintiff. Objection was made to the testimony of one of the witnesses on the question relating to the condition of the road and certain marks thereon two days after the accident, without laying a proper foundation to show that the road was in the same condition on that day that it was immediately following the accident.

Witnesses had testified as to the condition of the road and marks thereon immediately following the accident, and they had been cross-examined as to every detail. The jury was authorized to draw the proper inference from this evidence as to whether the condition of the road was the same at the time this witness saw it as it was at the time of the accident, or, if it had been changed by the weather or passing traffic, the extent of such change. This was a sufficient foundation for the testimony under all the circumstances. We do not see how the testimony could have been prejudicial.

[2] The objection that the court overruled defendant's motion for a new trial seems to again call for the often repeated statement of the rule that in the federal courts the denial of a motion for a new trial is in the discretion of the court, and where that discretion has been exercised, and there is evidence to support the verdict, as in this case, motion for a new trial is not reviewable in this court. Maryland Casualty Co. v. Orchard Land & Timber Co., 240 Fed. 364–367, 153 C. C. A. 290; Chicago, M. & St. P. Railway Co. v. Chamberlain, 253 Fed. 429–431, 165 C. C. A. 171.

[3] The objection that the verdict of the jury was excessive must also be overruled. There was evidence proper for the consideration of the jury, where the law has placed the power and duty of dealing with this question. The evidence supports the verdict, and this is the extent of our inquiry. Herencia v. Guzman, 219 U. S. 44, 45, 31 Sup. Ct. 135, 55 L. Ed. 81; Phœnix Ry. Co. v. Landis, 231 U. S. 578–581, 34 Sup. Ct. 179, 58 L. Ed. 377; Southern Ry. Co. v. Bennett, 233 U. S. 80–87, 34 Sup. Ct. 566, 58 L. Ed. 860; St. Louis & Iron Mt. Ry. Co. v. Craft, 237 U. S. 648–661, 35 Sup. Ct. 704, 59 L. Ed. 1160.

Finding no error in the record, the judgment of the District Court is affirmed.