## PANAMA RAILROAD COMPANY *v.* PIGOTT, A MINOR, BY HIS GUARDIAN AD LITEM, MOR-RELL.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 133. Submitted January 13, 1921.—Decided January 24, 1921.

1. By the law of Panama, a railroad company is liable for the negli-
gence of its servants and damages are recoverable for pain in a case
of personal injuries. P. 553. *Panama R. R. Co.* v. *Toppin*, 252
U. S. 308.

2. Whether or not Panama law on these subjects should be judicially
noticed by the District Court for the Canal Zone in an action involv-
ing injuries suffered in Panama, *held,* that the defendant railroad
company was not harmed in this case by leaving it to be determined
by the jury on conflicting evidence of experts. *Id.*

3. Due care may require a railroad company to keep a flagman at a
dangerous street crossing. *Id.*

4. Conduct that would be contributory negligence as a matter of law
in an older person may not be so in a boy of seven. *Id.*

256 Fed. Rep. 837, affirmed.

THE case is stated in the opinion.

*Mr. Frank Feuille* for plaintiff in error. *Mr. Walter F.
Van Dame* was also on the brief.

*Mr. Theodore C. Hinckley* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought in the District Court of the
Canal Zone for the Division of Cristobal to recover from
the Panama Railroad Company for personal injuries suf-
fered by the minor, Pigott, in the City of Colon, Republic

of Panama. Pigott recovered a judgment which was affirmed by the Circuit Court of Appeals. 256 Fed. Rep. 837. The case is brought to this Court under the Panama ·Canal Act, August 24, 1912, c. 390, § 9, 37 Stat. 560, 566. The facts may be stated in a few words. The minor, a boy of seven, was run over when attempting to cross the railroad track on a street in Colon. There was evidence that the crossing was much used and that, especially in the afternoon, the time of the accident, there usually were many children about; there were, however, neither gates nor a watchman at the place. A hedge higher than the child somewhat obstructed the view. The engine was backing a box car and did not have the lookout required by the company's rules There was evidence also that it gave no warning by bell or whistle. In short by the criteria of the common law the plaintiff had a right to go to the jury with his case.

The fundamental argument for the plaintiff in error is that the law of Panama was not applied in determining the principles of liability or in fixing the rule of damages. It is contended that if, as there was evidence to prove, due care had been used in the selection of servants by the railroad, the company was not answerable for their negligence, and that in any event there could be no recovery for pain. Both of these contentions are simply attempts to reargue what was decided in *Panama R. R. Co.* v. *Toppin*, 252 U. S. 308. The plaintiff in error certainly did not get less than it was entitled to when, in view of contradictory testimony from lawyers on the two sides, the Court left the law of Panama to the jury. The Court was warranted in also leaving to the jury the question whether proper care required the company to have a flagman or gate at the crossing and the other safeguards that we have mentioned. *Grand Trunk Ry. Co.* v. *Ives*, 144 U. S. 408. In view of the extreme youth of the plaintiff we cannot say that the court erred in allowing the jury

to attribute his misfortune to the defendant's conduct alone, whatever difficulties there might be in the case of an older person; and we perceive no other ground for not allowing the verdict and the decision of the two courts below to stand.

*Judgment affirmed.*