## GRAY v. MISSOURI PAC. RY. CO.

Circuit Court of Appeals, Sixth Circuit.
January 3, 1928.

No. 4887.

I. **Railroads** ☞338—Traveler is not in peril, within state law abolishing defense of contributory negligence, until trainmen ought to apprehend his failure to stop; "apparent peril" (Crawford & Moses' Dig. Ark. § 8568).

An automobile driver, approaching a railroad crossing, is not in the apparent peril contemplated by Crawford & Moses' Dig. Ark. § 8568, abolishing defense of contributory negligence in such cases, until trainmen ought reasonably to apprehend that driver is not going to stop while he is still in a safe position.

2. **Railroads** ☞320—Trainmen may ordinarily presume traveler will stop in safe position.

Trainmen may ordinarily presume that an automobile driver, approaching railroad crossing, will stop while he is still in a safe position.

3. **Negligence** ☞136(31)—Whether there is evidence to support finding that traveler's negligence is of less degree than railroad's negligence is question of law (Crawford & Moses' Dig. Ark. § 8575).

In a proper case under comparative negligence statute (Crawford & Moses' Dig. Ark. § 8575), it is a question of law whether there is any evidence to support a finding that negligence of automobile driver approaching railroad crossing is of less degree than that of railroad, and hence it may be necessary that a verdict for defendant railroad be instructed.

4. **Costs** ☞246½—Costs of prosecution of writ of error in forma pauperis will not be awarded in Circuit Court of Appeals.

Where prosecution of writ of error was in forma pauperis, no costs of Circuit Court of Appeals will be awarded.

In Error to the District Court of the United States for the Western District of Tennessee; Harry B. Anderson, Judge.

Action by Edward J. Gray against the Missouri Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

A. C. Muir, of Memphis, Tenn. (Neuhardt & Muir, of Memphis, Tenn., on the brief), for plaintiff in error.

J. W. Canada and Edward P. Russell, both of Memphis, Tenn. (Canada, Williams & Russell, of Memphis, Tenn., on the brief), for defendant in error.

Before DENISON and MACK, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. Plaintiff below complains of an instruction to find a verdict against him in his action for injuries suffered when the automobile he was driving was struck by the railroad train upon a highway crossing. Defendant claims that contributory negligence appears by the inevitable inferences from the undisputed facts. B. & O. Ry. v. Goodman, 48 S. Ct. 24, 72 L. Ed. ——, Oct. 31, 1927.

[1, 2] The accident happened in Arkansas, where the so-called lookout statute (section 8568, Crawford & Moses' Digest) abolishes the defense of contributory negligence if, after plaintiff's peril [on the track?] ought to have been known to the trainmen, they could have taken further precautions which would have prevented the injury; but an automobile driver approaching a railroad crossing is not in the apparent peril contemplated by this statute until the trainmen ought reasonably to apprehend that the driver is not going to stop while he is still in a safe position, and the trainmen may ordinarily presume that such stop will be made. Blytheville Co. v. Gessell, 158 Ark. 569, 572, 250 S. W. 881. We can find in the facts here no substantial basis for an inference that a prudent train lookout, observing plaintiff's described approach to the track, should have apprehended peril in time to have taken any ·effective precaution; nor can we see on this record anything which would legally justify a jury in coming to a conclusion similar to that reached in Gregory v. Mo. Pac. R. R., 168 Ark. 469, 475, 270 S. W. 621.

[3] Arkansas also has a comparative negligence statute.[1] Although, in a case where

the lookout statute would be effective to eliminate the defense of contributory negligence, that elimination is not superseded by the comparative negligence statute (Gregory v. Mo. Pac. R. R. Co., supra), yet in a proper case it is a question of law whether there ·is any evidence to support a finding that plaintiff's negligence is of less degree than that of the railroad, and hence it may be necessary that a verdict for defendant in such a case be instructed (Bradley v. Mo. Pac. R. R. [C. C. A. 8] 288 F. 484). Upon this record, even if we assume all the negligence charged against the defendant, yet plaintiff's reckless conduct in trying to cross ahead of an oncoming train in his unobstructed view for at least 25 or 30 feet (if not for a much greater distance), was a feature of the accident which in causative effect was at least equal to the sum of defendant's negligence. [4] The judgment is affirmed, but, as the prosecution of the writ of error was in forma pauperis, no costs of this court are awarded.

---

[1] Section 8575, Crawford & Moses' Digest: "In all suits against railroads, for personal injury or death, caused by the running of trains in this state, contributory negligence shall not prevent a recovery where the negligence of the person so injured or killed is of less degree than the negligence of the officers, agents or employees of the railroad causing the damage complained of; provided, that where such contributory negligence is shown on the part of the person injured or killed, the amount of recovery shall be diminished in proportion to such contributory negligence."