## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. LOUCKS. *

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5657.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. ▆ This is a companion case to Sacramento Suburban Fruit Lands Co. v. Melin (No. 5671) 36 F. (2d) 907, filed herewith, to which reference is made for a more particular statement of the facts. The appellant presents eleven specifications of error in his brief. Nine of these relate to the instructions given to the jury. These specifications of error cannot be considered, for the reason that the exceptions to the charge do not show the ground of the objection thereto. The refusal of the court to give appellant's proposed instructions as to the statute of limitations was proper (see companion cases). The appellant specifies error in the overruling of the demurrer to the complaint. It is argued that the appellant failed to explain the nondiscovery of the alleged fraud before the beginning of the three-year period of the statute of limitations. The statute was not pleaded in the demurrer, and for that reason the demurrer was properly overruled.

▆ The next specification is that the court erred in sustaining the objection to the question propounded to the witness Schoi. The witness was asked whether or not he obtained certain indorsements shown in the prospectus of the appellant. This is objected to as immaterial, and the court inquired the object of the testimony, and it was stated that the purpose of the testimony was "to prove the authenticity of the signature to this endorsement." The objection was thereupon sustained; the court stating, "It is wholly immaterial whether they are authentic or not." No doubt the appellant had a right to show its good faith in making the representations it made, and for that purpose to show that the project had been examined and indorsed in good faith by independent investigators, but the offer did not go to this extent, and, upon any other theory, the authenticity of the signature to the alleged indorsement was immaterial. Under the circumstances, the ruling was not erroneous.

▆ The next specification of error is that the court erred in sustaining the objection to the questions propounded to the witness M. A. Crinkley concerning the improvements made by the company and the advantages provided by the company on this tract of land. After the question had been answered rather fully (the answer covers thirteen lines of the transcript), the witness was interrupted by an objection that "all this is immaterial, irrelevant and incompetent." The court sustained the objection, and the appellant reserved an exception. As the testimony already given was not stricken out, the error, if any, was harmless, and no advantage can be taken of it without an affirmative showing as to what evidence was offered and rejected.

Judgment affirmed.

*Rehearing denied February 10, 1930.