SACRAMENTO SUBURBAN FRUIT LANDS COMPANY, a Corporation, Appellant, v. N. H. NEPSTAD, Appellee.

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

Motion for Modification of Opinion Denied January 13, 1930.

No. 5706.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is a companion case to Sacramento Suburban Fruit Lands Co. v. Melin (No. 5671) 36 F.(2d) 907, to which reference is hereby made for a more particular statement of the facts.

The court instructed the jury as to what constituted a commercial orchard substantially as in the case of Sacramento, etc., v. Nelson (No. 5683) 36 F.(2d) 929, and in the case of Sacramento, etc., v. Haenggi (No. 5678) 36 F.(2d) 923, and therein held erroneous.

Judgment reversed.

SACRAMENTO SUBURBAN FRUIT LANDS COMPANY, a Corporation, Appellant, v. Frank L. HAYES, Appellee.

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5707.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Martin I. Welsh and A. H. Morgan, both of Sacramento, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. This is a companion case to Sacramento Suburban Fruit Lands, etc., v. Melin (No. 5671) 36 F. (2d) 907.

The court, among other instructions, gave the following instruction to the jury: "Mr. Morley testified to his efforts on nearby land in Arcade. He tells you about other orchards, Fletcher, Wamser, Harris, and Holmes, all nearby, that they had heavy crops. In his opinion it would grow successfully. These men that he mentioned, he says, had commercial orchards. It would have been more enlightening to you and of more value if the defendant called these men and let them tell you about their dealings with this land of theirs. They could have given you figures. It would not be the mere statement of somebody else that they look good, or they produced a heavy crop, or the like. The defendant has not called them. You may take Mr. Morley's testimony in respect to it for as much as you think it worth, and no more. There is a rule of law that if a party produces weaker evidence when stronger evidence is available to him, the jury may take that into consideration in determining how much weight you will give to the weaker evidence. The men who own the orchards and grow the orchards would be better able to give results than some passerby or some caretaker who does not know the results through a series of years of handling the orchard. It is for you, however, to determine the weight to be given to any particular piece of evidence before you."

The exception to that instruction is as follows: "Also to that portion of the charge relative to the absence of certain witnesses, Harris, Wamser, and Holmes, and Fletcher." This instruction comes within the principle discussed in the Boucher Case (No. 5655) 36 F.(2d) 912. As to the sufficiency of the exception see discussion in the Loucks Case (No. 5657) 36 F.(2d) 921, a companion case, and particularly Brown v. United States, 164 U. S. 221, 17 S. Ct. 33, 41 L. Ed. 410.

The exception to the instruction in this case is so general that we might under the rule wholly disregard it, but in view of the fact that this is one of a series of cases tried by the same judge and the same attorneys, and that in the companion case, Sacramento, etc. v. Boucher, the attention of the court was called to the fact that such an instruction violated the rule in reference to the burden of proof, we feel that justice requires the consideration of that matter in this case, and because of this erroneous instruction the judgment must be reversed.

Other points raised in the brief are sufficiently discussed in the companion cases, so that they need not be specially considered herein.

Judgment reversed.