## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. WEBER et al.

### No. 5855.

Circuit Court of Appeals, Ninth Circuit.

May 26, 1930.

See, also, 41 F.(2d) 508, 511.

J. W. S. Butler (of Butler, Van Dyke & Desmond), and Sheridan Downey, both of Sacramento, Cal., and Edward P. Kelly, of Minneapolis, Minn., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before DIETRICH and WILBUR, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

This is a companion case to Sacramento, etc., v. Melin (C. C. A.) filed December 17, 1929, 36 F.(2d) 907. Appellees purchased the land July 8, 1927, and the statute of limitations is not involved. The court did not err in denying defendant's application for an order selecting another judge to try the case. Sacramento, etc., v. Tatham (C. C. A.) 40 F. (2d) 894, this day filed.

Appellant assigns as error the instructions of the court with reference to the witness Mr. Schei. The exception is as follows: "We except to the court's comment on the testimony of Mr. Schei with reference to his investigation in regard to fruit raising."

The court had called the attention of the jury to the testimony of this witness, and it stated, among other things: "Mr. Schei does not say much about the orcharding aspect of the case, as I remember the testimony; do not think he testified very much about any efforts to ascertain—that he testified to anything whether the lands were well adapted, entirely adapted to orcharding. What he testified to mainly was the poultry aspect in reference to the value of the land."

The court was in error in this statement concerning Mr. Schei, who testified at length concerning the investigation made by the company for the purpose of determining the suitability of the land in question for fruit raising. The appellant's exception, however, does not call the attention of the court to this omission, and it is therefore insufficient. No doubt, if the attention of the court had been called to the fact that he had misstated the testimony and in what respect that had been done, the defect would have been corrected.

The appellant objected to the testimony of Adolph Stern as to the results he obtained by planting the fig trees on his property in the Rio Linda tract purchased from the defendant. He testified that the trees on one small place where there was about four feet of soil did pretty well, and the rest of them seemed to grow scrubbier every year.

The witness Tipper, who had also purchased a piece of land within the Rio Linda tract from the defendants, was examined as a witness. He was asked on direct examination the following questions:

"Q. Do you know the general characteristics of all the land over there? A. Yes, sir.

"Q. How does it compare with your land?"

This was objected to on the ground that it was incompetent and immaterial. The objection was overruled, and an exception taken. The witness replied: "I think they have more ups and downs in that district than in mine." He then proceeded without objection to state the results he had had on his own place in growing deciduous fruit trees. In view of the representations made by the defendant as to the Rio Linda tract generally, evidence as to success or failure of parcels

of land within the Rio Linda tract was admissible.

There was no error in refusing the defendant's proposed instructions, which had been considered in the companion cases.

Judgment affirmed.