## DAYTON RUBBER MFG. CO. OF DELAWARE v. SABRA et al.

### No. 6954.

Circuit Court of Appeals, Ninth Circuit.
March 13, 1933.

Armstrong, Kramer, Morrison & Roche, of Phœnix, Ariz., for appellant.

Flanigan & Fields and William C. Fields, all of Phœnix, Ariz., for appellees.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

This case has been before the court on two former occasions. 31 F.(2d) 9; 38 F.(2d) 452. The present appeal is from a judgment rendered upon the trial of the action in so far as it affected the rights of the defendants Mrs. K. Sabra and Mary E. Wintermute, as administratrix of the estate of her deceased husband, whose husband, with Mrs. K. Sabra, were guarantors of the obligations of the defendant John Sabra to the Dayton Rubber Manufacturing Company of Delaware, appellant. The case was tried and the jury rendered a verdict in favor of appellant for $1 damages and $500 "attorneys'

fees and expenses." Judgment for that amount followed. The Dayton Rubber Manufacturing Company appeals from this judgment.

There are thirteen assignments of error; nine of them assign error in the giving of certain instructions. The only exception taken by appellant to the instructions is as follows: "We would like at this time to object and to save an exception to the following: Defendants' requested instructions as given, numbers 3, 5 and 6, as they relate to the figures therein quoted; and 6, 7, 8, 9 and 10 in so far as they relate to the question of agency."

These exceptions were insufficient to raise any question on appeal, for the reason that the exceptions do not show the ground of the objections to the instruction. Royal Finance Co. v. Miller (C. C. A.) 47 F.(2d) 24, 27; Sacramento Sub. Fruit Lds. Co. v. Johnson (C. C. A.) 36 F.(2d) 925; Fid. & Cas. Co. v. Griner (C. C. A.) 44 F.(2d) 706, 708; Sacramento Sub. Fruit Lds. Co. v. Loucks (C. C. A.) 36 F.(2d) 921; Sacramento Sub. Fruit Lds. Co. v. Weber (C. C. A.) 41 F.(2d) 514; State Life Ins. Co. v. Sullivan (C. C. A.) 58 F.(2d) 741, 744.

Assignment of error No. 10 states that the verdict was contrary to the evidence for the reason that upon all the evidence in this case the jury could have found only for the plaintiff in the amount of its claim, namely, "$7,482.77, plus attorneys' fees * * * and that under the evidence a verdict for $1.00 and $500.00 attorneys' fees could not in law be justified or sustained." This assignment is insufficient to raise the question sought to be presented which must be raised by a motion for a directed verdict or ruling on instructions asked or given during the trial of the case. It cannot be raised by an assignment of error after the rendition of the verdict. United Verde Copper Co. v. Jaber (C. C. A.) 298 F. 97; Continental Natl. Bk. v. Neville (C. C. A.) 285 F. 565, 567; Bank of Italy v. F. Romeo & Co., Inc. (C. C. A.) 287 F. 5, 7; Sacramento Sub. Fruit Lds. Co. v. Tipper (C. C. A.) 36 F.(2d) 941; Heskett v. U. S. (C. C. A.) 58 F.(2d) 897, 902.

Assignment No. 13 states that "the Court erred in overruling plaintiff's motion for a new trial for all the reasons in the foregoing assignments fully set forth and specified, and which are not here reiterated solely to avoid repetition." The ruling of the court upon the motion for new trial is not reviewable upon appeal, resting as it does in the sound discretion of the trial court. Fairmount Glass

Works v. Cub Fork Coal Co. (U. S.) 53 S. Ct. 252, 254, 77 L. Ed. ——, where the Supreme Court, speaking through Justice Brandeis, said: "First. The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions; and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or were inadequate."

Assignments of error Nos. 11 and 12 relate to rulings upon the admission of evidence. These assignments do not conform to rule of court which provides that: "When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected. * * * Errors not assigned according to this rule will be disregarded, but the Court, at its option, may notice a plain error not assigned."

These assignments are not discussed in the appellant's brief except in connection with six assignments pertaining to instructions given by the court. No argument is based upon the alleged erroneous rulings upon the evidence.

Appellant's principal contention is that the evidence adduced by the defendants to show that the claim sued upon had been settled and paid was insufficient because of the fact that the agreement to settle was entered into by a man purporting to act on behalf of the appellant who was entirely without authority to so act, and that, in the absence of such authority, there was no serious conflict in the evidence to the effect that the amount due the plaintiff on the contract was $7,482.77. In view of the state of the record, these questions cannot be considered.

Judgment affirmed.