### ALLISON v. STANDARD AIR LINES, Inc.
#### No. 6802.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1933.

Oliver O. Clark and Samuel A. Rosenthal, both of Los Angeles, Cal., for appellant.

Harry D. Parker, White McGee, Jr., O'Melveny, Tuller & Myers, Walter K. Tuller, Homer I. Mitchell, and W. Jefferson Davis, all of Los Angeles, Cal., for appellee.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This was an action for damages brought by the appellant, as administrator, against the appellee, for the accidental death of Thomas J. Kelly, in an airplane crash near Banning, Cal., on March 30, 1929.

Kelly was a passenger in the plane, which was owned and was being operated by the appellee. The machine was flying from Los Angeles, Cal., to El Paso, Tex.

While navigating in the fog, several miles off its regular course, the airplane crashed into a mountain near Banning, and the pilot and Kelly and the other passengers were killed.

The complaint alleged, in general terms, that the crash was due to the appellee's neg-

ligence. This was denied in the answer. A jury trial was had.

At the close of the entire case the appellant did not ask the court to direct a verdict in his favor. The jury returned a verdict in favor of the appellee, and judgment was rendered accordingly. The appellant moved to set aside the judgment, and for a new trial. The motion was denied, and an exception was noted. The testimony offered by appellant was, in brief, that the airplane crashed against the side of a hogback hill, at about 9:20 a. m.; that before the crash it circled around two or three times, as low as 20 feet above the ground; that there was nearby a field of 400 acres in which a machine could have landed; that the atmosphere was "quite foggy," the ceiling of the fog being estimated from 150 to 500 feet above the ground where the witnesses were standing; that the nose of the plane was between 15 and 20 feet below the crest of the hogback, and that the machine crashed while in a "climbing altitude"; that the fog level could be seen to be above the top of the hill, and that the "fog there * * * was five hundred feet high"; that there are many large fields in the vicinity of the crash, where the landing of an airplane could have been made; and that the Tri-City Airport, between Redlands and Colton, is about 20 miles from the scene of the accident.

The appellant also relies upon the application of the doctrine of res ipsa loquitur, which he contends involves a presumption of negligence which is evidence.

Witnesses for the appellee testified, in part, that the company maintained a systematic method for the checking of all planes prior to a flight, for the purpose of determining their condition, and that the plane in question was so checked before the fatal flight and was found to be in good mechanical condition; that the pilot had been employed by the appellee about two months, was familiar with the route, had made three round trips during the period of his employment, and was a good pilot; that no pilot would fly blind and that evidently the pilot was seeking a landing place at the time of the crash; and that the accident was such as might have befallen the most capable and experienced pilot under the same conditions.

In his brief the appellant concedes that the evidence "undoubtedly shows" the pilot was "experienced and skillful."

There are thirty-three assignments of error, which are argued in the appellant's brief under two specifications. One of the latter is that the evidence is insufficient to support the verdict or the judgment, and that the trial court erred in denying the appellant's motion for a new trial. The other specification is that the lower court erred in its instructions to the jury as to the care required to be exercised by the appellee.

The law is well settled, in this and other federal jurisdictions, that the denial of a motion for a new trial is in the discretion of the court, and where that discretion has been exercised, and there is evidence to support the verdict, as in this case, the motion for a new trial is not reviewable by an appellate court.

In the recent case of Fairmount Glass Works v. Cub Fork Coal Co., 287 U. S. 475, 481–485, 53 S. Ct. 252, 254, 77 L. Ed. 252, decided on January 9, 1933, Mr. Justice Brandeis extensively reviewed the reasons upon which the above rule is based. In the course of his discussion the learned jurist said: "The rule that this Court will not review the action of a federal trial court in granting or denying a motion for a new trial for error of fact has been settled by a long and unbroken line of decisions. * * * More frequently the reason given for the denial of review is that the granting or refusing of a motion for a new trial is a matter within the discretion of the trial court."

See, also, Holmgren v. United States, 217 U. S. 509, 521, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778, and Holt v. United States, 218 U. S. 245, 251, 31 S. Ct. 2, 54 L. Ed. 1021, 20 Ann. Cas. 1138.

This court has repeatedly affirmed its adherence to the rule in question. In American Film Co. v. Moye (C. C. A.) 267 F. 419, 421, Judge Morrow said: "The objection that the court overruled defendant's motion for a new trial seems to again call for the often repeated statement of the rule that in the federal courts the denial of a motion for a new trial is in the discretion of the court, and where that discretion has been exercised, and there is evidence to support the verdict, as in this case, motion for a new trial is not reviewable in this court." Cases cited.

Other pronouncements to the same effect by this court are to be found in Holmgren v. United States, 156 F. 439, 443, 444, affirmed in 217 U. S. 509, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778, supra; Spokane & I. E. R. Co. v. Campbell (C. C. A.) 217 F. 518, 525, affirmed in 241 U. S. 497, 36 S. Ct. 683, 60 L. Ed. 1125; Maryland Casualty Co. v. Orchard Land & Timber Co. (C. C. A.) 240 F. 364, 367, 368; Chicago, M. & St. P.

R. Co. v. Chamberlain (C. C. A.) 253 F. 429, 431; McLeod Lumber Co. v. Western Redwood Co. (C. C. A.) 8 F.(2d) 930, 932. See, also, opinion in the recent case of Dayton Rubber Mfg. Co. v. Sabra, 63 F.(2d) 865, in which we quoted from the Fairmount Glass Works Case, supra.

The same rule has been followed in other jurisdictions. Sun Printing & Publishing Ass'n v. Schenck (C. C. A. 2) 98 F. 925, 930; Cordingly v. Kennedy (C. C. A. 8) 239 F. 645, 653; Adams Express Co. v. Darden (C. C. A. 6) 286 F. 61, 68, affirmed and certiorari denied 265 U. S. 265, 44 S. Ct. 502, 68 L. Ed. 1010; Panama R. Co. v. Pigott (C. C. A. 5) 256 F. 837, 838, affirmed 254 U. S. 552, 41 S. Ct. 199, 65 L. Ed. 400; Parker v. Elgin (C. C. A. 6) 5 F.(2d) 562, 564; National Surety Co. v. Jean (C. C. A. 6) 61 F.(2d) 197, 198.

From the condensed summary of the testimony that we have set forth above, it will be seen that the appellee's evidence was sufficient "to support the verdict"; that, therefore, any error which the court below might have committed in denying the motion for a new trial was, in the language of Mr. Justice Brandeis, an "error of fact"; and that, finally, under the overwhelming weight of authority, such denial "is not reviewable in this court."

We advance next to the other specification of error; namely, that the lower court erred in its instructions to the jury as to the care required to be exercised by the appellee.

■ It was conceded in oral argument, and, indeed, the record so shows, that the appellant's only attempted exceptions to the lower court's instructions were made in the following manner: "Mr. Clark. The only exception I desire to take is on the question of whether or not your Honor covered thoroughly the distinction between the exercise of ordinary care and the highest degree of care. In other words, pointing out to the jury if any negligence, however slight, of the defendant [appellee herein] contributed to the accident, that would render the defendant liable. Second, if the jury should find it was the concurrence of an Act of God and a slight negligence, even, of the defendant, that would make the defendant liable. Those are the only two exceptions we note, your Honor."

It will be observed that counsel here seemed merely to express his doubt as to "whether or not" the court "covered thoroughly the distinction," etc.

These purported exceptions are not clear. They fall far short of that degree of succinctness and particularity that the courts have exacted of exceptions to instructions, on the ground that the lower court should be given a fair chance to correct any alleged errors in its instructions before the case is submitted to the jury.

We have studied these two purported exceptions very carefully, and we are convinced that they are fatally ambiguous, equivocal, and indefinite. Nowhere is there a specific statement of the error alleged to have been committed by the court. The floating participial phrase, "pointing out to the jury," etc., is attached to absolutely nothing, but stands alone as an attempted independent sentence. As a matter of grammar, it has no connection with the context; as a matter of logic, it might refer either to what the court actually did state, or to what the appellant desired the court to state. Not until we heard counsel explain the meaning of these sentences, in oral argument before this court, did we understand what he meant by these purported exceptions. A fortiori, it follows that the lower court, hearing the language for the first time, without having had the opportunity to study it on the printed page, must of necessity have been confused as to what counsel actually did mean.

Rule 10 of this court provides, in part: "No bill of exceptions shall be allowed on a general exception to the charge of the court to the jury in trials at common law. The party excepting shall be required before the jury retires to state distinctly the several matters of law in such charge to which he excepts; and no other exceptions to the charge shall be allowed by the court or inserted in a bill of exceptions."

We do not consider these purported exceptions as being exceptions at all; and therefore we cannot consider the points sought to be brought here for review. The entire opinion by Mr. Chief Justice Fuller in Lindsay v. Burgess, 156 U. S. 208, 210, 15 S. Ct. 355, 39 L. Ed. 399, consists of the following two sentences: "Errors are assigned to certain portions of the charge to the jury in this case, but no exceptions were preserved thereto, and no question otherwise raised for our consideration. The judgment is therefore affirmed."

This court has repeatedly enforced this salutary rule. In the recent case of Howland v. Beck, 56 F.(2d) 35, 36, 37, we discussed this entire question at some length, citing many authorities. For this reason we

deem it unnecessary to do much more than to cite a few additional decisions by this court, not there noted: Sacramento Suburban Fruit Lands Co. v. Loucks (C. C. A.) 36 F.(2d) 921; Royal Finance Co. v. Miller (C. C. A.) 47 F.(2d) 24, 28.

This rule has been followed in other jurisdictions. Herman Chemical Co. v. Burlington Industrial Alcohol Co. (C. C. A. 3) 9 F.(2d) 289; Order of United Commercial Travelers of America v. Greer (C. C. A. 10) 43 F.(2d) 499, 501, 502.

It is true that in the instant case the court invited counsel to state their exceptions "in as informal a manner as you wish." There are two answers, however, to any argument that may be based upon this ill-advised concession on the part of the court: First, lack of formality does not mean lack of clearness, and, second, the lower court has no power to waive the enforcement of the rules of this court.

Finally, the record contains the statement "That at the proper time the plaintiff requested the Court to instruct the jury as follows, which instructions, so requested by the plaintiff, were refused by the court." The requested instructions are set forth in full, but no exceptions are noted to the refusal thereof.

These requested instructions are made the bases of assignments of error Nos. XX to XXIV, inclusive, but these assignments are not argued and are not included in the specifications of error. In any event, they cannot be considered here, because the court's failure to give the requested instructions was not excepted to. In Hutchins v. King, 1 Wall. (68 U. S.) 53, 60, 17 L. Ed. 544, Mr. Justice Field said: "To authorize any objection to the admission or exclusion of evidence, or to the giving or refusal of any instructions to the jury, to be heard in this court, the record must disclose not merely the fact that the objection was taken in the court below, but that the parties excepted at the time to the action of the court thereon."

See, also, American Smelting & Refining Co. v. Karapa (C. C. A. 8), 173 F. 607, 608, 609, and Mansfield Hardwood Lumber Co. v. Horton (C. C. A. 8) 32 F.(2d) 851, 855.

Therefore, since we find that there was evidence to sustain the verdict, and since the instructions of the lower court cannot be here reviewed in the absence of proper exceptions thereto, we are of the opinion that the judgment should be affirmed.

Judgment affirmed.